WO                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Solano Vega, | No. CV 20-02335-PHX-MTL (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

On December 2, 2020, Petitioner Rafael Solano Vega, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed In Forma Pauperis. In a December 8, 2020 Order, the Court denied the deficient Application to Proceed and gave Petitioner thirty days to either pay the $5.00 filing fee or submit a complete Application to Proceed In Forma Pauperis. The Court specifically warned Petitioner that the Court would dismiss this action, without prejudice, if he failed to timely pay the filing fee or file a complete Application to Proceed.

On February 3, 2021, the Clerk of Court entered a Judgment of dismissal without prejudice because in the fifty-seven days since the Court issued the December 8, 2020 Order, Petitioner had failed to either pay the filing fee or file a complete Application to Proceed. On February 26, 2021, Petitioner paid the filing fee. In a March 3, 2021 Order, the Court directed the Financial Administration for the Court to refund the $5.00 filing fee to Petitioner because this case was already closed.

On March 8, 2021, Petitioner filed a document titled "Supplemental Exhibits that the Petitioner Submitted to AZDOC and the AZDOC Staff Prolonged the Process Under Policies and Procedures of AZDOC" (Doc. 9).  In that document, Petitioner requests the Court "reverse the Decision, as the AZDOC staff member and their negl[i]g[ence] of adequately processing the paperwork is not the Petitioner[']s fault as a process that the Petitioner must comply with and the fact that AZDOC took beyond the amount of time to provide payment is not the Petitioner[']s fault."  Petitioner directs the Court to "[r]efer to Exhibits that follow."  The Court will construe Petitioner's document as a motion for reconsideration of the dismissal of this case.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court finds no basis to reconsider the dismissal of this action.  The Court notes that Petitioner never filed a motion seeking an extension of time to comply with the

December 8, 2020 Order, and in no way notified the Court that he was experiencing delays with the Arizona Department of Corrections processing his paperwork. Moreover, the exhibits attached to Petitioner's March 8, 2021 document do not support his contention that failing to comply with the December 8, 2020 Order was "not the Petitioner[']s fault." To the contrary, the exhibits show that that Petitioner did not submit his Inmate Request for Withdrawal, which sought a payment from his inmate account to pay the filing fee, until February 22, 2021, almost three weeks after the Clerk of Court entered Judgment.[1]  Thus, the Court will deny Petitioner's March 8, 2021 document.

**IT IS ORDERED:**

(1) Petitioner's "Supplemental Exhibits that the Petitioner Submitted to AZDOC and the AZDOC Staff Prolonged the Process Under Policies and Procedures of AZDOC" (Doc. 9) is **construed** as a motion for reconsideration of the February 3, 2021 Judgment of dismissal and is **denied**.

(2) This case must remain **closed**.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of April, 2021.

Michael T. Liburdi
United States District Judge

---

[1] The deputy warden approved Petitioner's request the day after Petitioner submitted it, and the Court received the payment three days later, on February 26, 2021.